GEORGE H. SANFORD v. LYMAN C. CAHOON AND HENRY F. BERRY.

*Mortgage foreclosure—Deed on sale—Redemption.*

Where a mortgage was *regularly* foreclosed by advertisement, and the sheriff's deed filed with the register of deeds pursuant to the statute *then* in force, which *permitted*, but did not *require*, the same to be recorded, and said deed was *not* placed on record for some twelve years,—

   *Held*, that the *right* of redemption was barred at the expiration of the statutory period without any *other* act of the parties, and the title of the purchaser became *absolute*, and related back to the *time* of the sale; the provision *then* existing as to recording the deed being *permissive*, and forming no part of the redemption scheme.

Appeal from Isabella.    (Hart, J.)    Argued June 17, 1886. Decided October 21, 1886.

Bill filed to foreclose a mortgage.    Complainant appeals. Affirmed.    The facts are stated in the opinion.

*H. H. Graves* and *C. E. Russell*, for complainant:

The filing of the sheriff's deed in the register's office was a sufficient compliance with existing statutes: Rev. Stat. 1846, p. 569; C. L. 1857, p. 1365; C. L. 1871, §§ 6920–1; *Doyle v. Howard*, 16 Mich. 261.

Such filing was all the notice required: Thomas, Mort-

gages, 152; *Williamson v. Brown,* 15 N. Y. 362, 364; *Reed v. Gannon,* 50 Id. 345, 349.

And see, as to effect of *after* loss or *destruction* of record, *Heim v. Ellis,* 49 Mich. 241.

The omission to record a deed does not divest the grantee's title: *Smith v. Filing,* 37 Mich. 148.

*Charles T. & F. Russell,* for defendants:

The failure to *deposit* the deed would render the sale void: *Doyle v. Howard,* 16 Mich. 261; but failure to *record* same *after* the expiration of the redemption year would not have the like effect.

If the mortgage has not been *once* foreclosed, it is barred by the statute: How. Stat. § 8709.

Statutes of limitation are statutes of repose, and should be so construed as to give to them the intended operation, and place the owner's title beyond question: *Toll v. Wright,* 37 Mich. 102.

When complainant is responsible for such delays, he cannot recover in equity: *Dubois v. Campau,* 37 Mich. 248, 252.

CHAMPLIN, J.   The bill of complaint alleges that on the eighth day of April, 1867, Lyman C. Cahoon and Nancy J. Cahoon, his wife, in order to secure to Edward E. Alvord the sum of $20 and interest, executed a mortgage upon the N. E. ¼ of the N. E. ¼ of sec. 29, T. 13 N., R. 4 W., in Isabella county, Michigan; that the mortgage was due September 1, 1867, and that, default having been made in the condition of the mortgage, a foreclosure was begun by advertisement; that pursuant to such advertisement the premises were sold on the nineteenth day of June, 1868, and bid off by Edward E. Alvord, and on the same day the sheriff of Isabella county executed a deed to Alvord in accordance with the statute, and forthwith deposited it with the register of deeds.

On September 7, 1867, Cahoon and wife conveyed the premises to Susan C. Berry by warranty deed, but excepted from the covenants of warranty the mortgage to Alvord. This deed was recorded December 3, 1867.

August 17, 1869, Alvord conveyed by deed to Isaac J. Gray. This deed was not recorded until October 6, 1879. Gray conveyed to Kratz on August 27, 1879, and the deed was recorded October 6, 1879; and Kratz and wife conveyed to the complainant, August 30, 1879, and this deed was recorded October 16, 1879.

Previously, and on August 3, 1878, Susan C. Berry, then Susan C. Loomis by marriage, conveyed the premises by quitclaim deed to defendant Henry F. Berry.

The deed given by the sheriff on the foreclosure was not recorded in the register's office until the seventh day of April, 1880.

Complainant alleges that he went into possession under his deed, and was in possession on the nineteenth of March, 1883, when defendant Berry took forcible possession, and maintained it by a tenant; that complainant brought ejectment against Berry, and was defeated in the action, on the ground that Berry was an innocent purchaser, and had his title deed acquired of Mrs. Loomis recorded before the sheriff's deed to Alvord, and before the several deeds in the chain of conveyances from Alvord to complainant, and took precedence under the recording laws.

The correctness of this decision is not in dispute here. The complainant bases his right to foreclose the mortgage in equity upon the ground that, by neglecting to record the deed given on the foreclosure for twelve years, the foreclosure was ineffectual, and the right of redemption was not cut off by the attempted foreclosure, and that the several deeds through which he claims operated as an assignment of the mortgage to him.

The law in force at the time of this foreclosure required the deed to be deposited with the register of deeds upon the sale being made. It then declared that, unless the premises were redeemed within the time provided by the statute, the

deed should thereupon become operative, and might be recorded, and should vest in the grantee therein named all the right, title, and interest which the mortgagor had at the time of executing the mortgage.[1] No question whatever is made but that the proceedings to foreclose were regular and valid to and including the depositing and filing the sheriff's deed with the register. If redemption was not made within a year from such sale and deposit of the deed, the right became barred without any other act of the parties, and the title of the purchaser became absolute, and related back to the time of sale.

It was not necessary to record the deed in order to bar the equity of redemption. That was done by lapse of time from sale and deposit of deed as directed by statute. The statute says the deed *may* be recorded. This is *permissive,* and forms no part of the scheme by which redemption is barred. We think the right of redemption was barred by the statutory foreclosure, and that none exists to call into exercise the powers conferred by statute upon a court of chancery in foreclosure cases.

The demurrer was well taken, and the bill must be dismissed, with costs.

The other Justices concurred.

---

[1] See C. L. 1871, §§ 6920-1. The law has been amended so as to *require* the *recording* of the deed. See How. Stat. § 8505.